## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national banking association, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| BANCORPSOUTH BANK, INC., | ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

## COMPLAINT

U.S. Bank National Association (the "Agent"), by and through the undersigned counsel, hereby files this Complaint against BancorpSouth Bank, Inc. ("BSB"), and states as follows:

### Jurisdiction and Venue

1.      Jurisdiction in this Court is predicated on diversity of citizenship under 28 U.S.C. § 1332 (a)(1).

2.      For purposes of diversity jurisdiction, national banking associations are deemed citizens of the States in which they are respectively located.  28 U.S.C. § 1348. The word "located" in that statute refers to the state designated in the national association's articles of association as the locus of its main office.  See Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006).

3.      The Agent is located in, and thus a citizen of, Ohio.

4.   BSB is a Mississippi corporation, with its principal place of business in Tupelo, Mississippi.

5.   Complete diversity of citizenship therefore exists between the Agent and BSB.

6.   The amount in controversy is at least $250,180.00, and exceeds the jurisdictional requirement of $75,000.00.

7.   BSB has offices and conducts significant business in the Southern District of Alabama.  Therefore, venue is proper in this court because BSB resides and is subject to personal jurisdiction in the district.

## Related Case Information

8.   In a case involving common facts and circumstances, there is a pending lawsuit filed by the Agent against Turquoise Properties Gulf, Inc. ("Turquoise"), in this U.S. District Court – Southern District of Alabama [*U.S. Bank National Association v. Turquoise Properties Gulf, Inc., et al*, Civil Action No. 1:10-cv-204-WS-N] (hereinafter, the "Related Case").

9.   In the Related Case, Turquoise's Amended Counterclaim (Doc. 366) raises two claims against the Agent regarding an Irrevocable Standby Letter of Credit Number 690000361048 for an account of Cleveland Properties, LLC.

10.   Specifically, "Count VIII – Breach of Contract and/or Fiduciary Duty" of the Amended Counterclaim alleges:

> "The Agent has returned the original letter of credit, Irrevocable Standby Letter of Credit Number 690000361048, for Unit C-903 for the account of Cleveland Properties, LLC to the issuing bank, BSB,

2

which has cancelled said letter of credit in the amount of $250,180.00." (Doc. 366, Amended Counterclaim, ¶ 62)

"The Agent has breached its fiduciary duty to Turquoise and/or breached the Escrow Agreement with Turquoise by not safeguarding the letters of credit, and Turquoise has been damaged thereby." (Doc. 366, Amended Counterclaim, ¶ 67)

11.     "Count IX – Willful Misconduct and/or Gross Negligence" of the Amended

Counterclaim alleges:

"The Agent has returned the original letter of credit, Irrevocable Standby Letter of Credit Number 690000361048, for Unit C-903 for the account of Cleveland Properties, LLC to the issuing bank, BSB, which has cancelled said letter of credit in the amount of $250,180.00." (Doc. 366, Amended Counterclaim, ¶ 70)

"The Agent's failure to safeguard letters of credit constitutes willful misconduct and/or gross negligence, and Turquoise has been damaged thereby." (Doc. 366, Amended Counterclaim, ¶ 75)

12.     In both of the above-referenced Counts, Turquoise seeks judgment and

damages against the Agent for the alleged conduct.

### General Allegations

13.     Wachovia Bank, N.A. and Turquoise entered into an Escrow Agreement

dated March 25, 2005.  In that Agreement, Wachovia Bank, N.A. was designated as

Escrow Agent.

14.     As Escrow Agent, Wachovia Bank, N.A. was required to hold certain

letters of credit and present same for payment upon certain conditions and instructions

from Turquoise.

15.     In April 2005, BSB sent correspondence to Wachovia Bank, N.A.

attempting to issue an Irrevocable Standby Letter of Credit for an applicant, Cleveland

3

Properties, LLC.  Additionally in April 2005, BSB sent correspondence to Wachovia Bank, N.A. attempting to amend the letter of credit for Cleveland Properties, LLC, to instead specify "V.M. Cleveland" as the applicant.  (Correspondence attached hereto collectively as Exhibit "A").

16.     The April 2005 correspondence was unclear as to how many, or which, letter(s) of credit were being referenced.  These letters contained two different letter of credit numbers, "690000360148" and "690000361156," and BSB used those numbers interchangeably.

17.     On or about December 31, 2005, the Agent assumed Wachovia Bank, N.A.'s role in these matters through its acquisition of Wachovia Bank N.A.'s corporate trust business.

18.     As successor to Wachovia Bank, N.A., the Agent became the Escrow Agent and holder of the letters of credit pursuant to the Turquoise Escrow Agreement.

19.     On or around December 11, 2006, the Agent received two Irrevocable Standby Letters of Credit issued by BSB.

20.     One of these letters of credit was numbered 690000361048, identified Cleveland Properties, LLC, as the Applicant, and included a stated amount of $250,180.00.  (Attached hereto as Exhibit "B").

21.     The other letter of credit was numbered 690000361156, identified V.M. Cleveland as the Applicant, and included a stated amount of $259,180.00.  (Attached hereto as Exhibit "C").

4

22.     Despite two different Applicant names, both of these letters of credit provided the exact same address for the Applicant: 1879 N. Coley Rd., Tupelo, Mississippi, 38801.

23.     In addition, both of these letters of credit stated that it had replaced and superseded BSB's previously issued letter of credit of the same number, dated April 21, 2005.

24.     Based upon the above-referenced correspondence and letters of credit, the Agent reasonably understood BSB's intentions as issuing letter of credit number 690000361156, with V.M. Cleveland as the Applicant, to replace the letter of credit number 690000361048, with Cleveland Properties, LLC, as the Applicant.

25.     Upon reviewing its files associated with these letters of credit, on May 29, 2009, the Agent returned letter of credit number 690000361048 to BSB for cancellation, on the basis that it had been replaced by letter of credit number 690000361156.  (See correspondence attached hereto as Exhibit "D").

26.     Subsequently, in late 2009, Turquoise contacted the Agent, inquiring about the status of letter of credit number 690000361048, for Cleveland Properties, LLC. Turquoise expressed that this letter of credit should have remained valid and existing at that time, and should not have been cancelled.

27.     In or about April 2010, Turquoise contacted the Agent to request payment on letter of credit number 690000361048.

28.     On April 29, 2010, the Agent sent correspondence to BSB advising it that letter of credit number 690000361048 was returned to BSB for cancellation solely due to

5

BSB's own mistaken and misleading correspondence and letters of credit from April 2005 and December 2006.  The Agent requested an immediate reissuance of letter of credit number 690000361048, for Cleveland Properties, LLC.  (See correspondence attached hereto as Exhibit "E").

29.    BSB failed and refused to reissue this letter of credit.

30.    In the Related Case, Turquoise has now counterclaimed for judgment and damages against the Agent for returning letter of credit number 690000361048 to BSB.

31.    As a result of its mistaken and misleading correspondence and letters of credit, BSB is or may be liable to the Agent for sums that may be adjudged against the Agent in favor of Turquoise with respect to letter of credit number 690000361048, as well as other damages suffered by BSB.

32.    The Agent has retained the law firms of Foley & Lardner LLP and Hudgens & Associates LLC to represent it in this action and is obligated to pay reasonable fees and costs for services rendered on its behalf.

33.    All condition's precedent to the Agent's right to bring this cause of action have been performed, have occurred or have been waived.

## COUNT I
## BREACH OF STANDARD INDUSTRY PRACTICE
## AND OBLIGATION OF GOOD FAITH

34.    The Agent realleges the allegations contained in paragraphs 1 – 33 as if fully set forth herein.

35.     This is an action against BSB for breach of the standard industry practice and the obligation of good faith.

36.     Letter of credit number 690000361048 provides that it is governed by the laws of the State of Mississippi.

37.     BSB was the issuing bank of this letter of credit and the Agent was the beneficiary.

38.     Miss. Code § 75-5-108(e) provides: An issuing bank shall observe standard practices of financial institutions that regularly issue letters of credit.  Determination of the issuer's observance of the standard of practice is a matter of interpretation for the court.  Parties shall have reasonable opportunity to present evidence of the standard practice.

39.     Miss. Code § 75-5-11 provides: If an issuer breaches an obligation under this chapter, a person to whom the obligation is owed may recover damages resulting from the breach, including interest thereon.  Further, reasonable attorney's fees and other expenses of litigation must be awarded to the prevailing party.

40.     As issuer of the letter of credit, BSB owed the beneficiary, the Agent, the obligation provided by Miss. Code § 75-5-108(e).

41.     By (a) sending mistaken and misleading correspondence in April 2005, (b) issuing confusing and misleading letters of credit in December 2006, (c) accepting return of the letter of credit without verifying same, and (d) refusing to reissue the letter of credit or otherwise cure its mistakes in 2010, BSB violated Miss. Code § 75-5-108(e).

BSB breached its duty to observe standard practices of financial institutions that regularly issue letters of credit.

42.     The Agent has been damaged by BSB's breach of the standard industry practice.

43.     Miss. Code. § 75-1-304 provides that every duty within the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement.

44.     By (a) sending mistaken and misleading correspondence in April 2005, (b) issuing confusing and misleading letters of credit in December 2006, (c) accepting return of the letter of credit without verifying same, and (d) refusing to reissue the letter of credit or otherwise cure its mistakes in 2010, BSB has further breached the obligation of good faith in the performance of its duties.

45.     The Agent has been damaged by BSB's breach of the obligation of good faith.

46.     To the extent that the Agent is damaged by BSB's breach of the standard industry practice and/or the obligation of good faith, BSB is liable for those damages, including interest, costs, and attorney's fees in defending against Turquoise's counterclaims.

47.     Further, pursuant to Miss. Code § 75-5-11, the Agent is entitled to prevailing party attorney's fees and costs for bringing this action against BSB.

WHEREFORE, the Agent respectfully demands judgment against BSB for damages and all sums that may be adjudged against the Agent in favor of Turquoise with

ORLA_1724506.1

respect to letter of credit number 690000361048, including interest, costs, and attorney's fees in defending against Turquoise's counterclaims in the Related Case, as well as attorney's fees pursuant to Miss. Code § 75-5-11 for bringing this separate action against BSB, and such further relief as the Court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY

48.     The Agent realleges the allegations contained in paragraphs 1 – 33 as if fully set forth herein.

49.     This is an action against BSB for breach of fiduciary duty.

50.     As issuing bank, BSB owed a fiduciary duty to the beneficiary, the Agent, regarding letter of credit number 690000361048.

51.     BSB's mistaken and misleading correspondence of April 2005 and confusing and misleading letters of credit of December 2006 proximately caused the Agent to return letter of credit number 690000361048 to BSB for cancellation, on the basis that it had been replaced by letter of credit number 690000361156.

52.     As a result, the Agent now faces counterclaims for judgment and damages against it for returning the letter of credit to BSB.

53.     By (a) sending mistaken and misleading correspondence in April 2005, (b) issuing confusing and misleading letters of credit in December 2006, (c) accepting return of the letter of credit without verifying same, and (d) refusing to reissue the letter of

9

credit or otherwise cure its mistakes in 2010, BSB breached the fiduciary duty owed to the Agent.

54.     BSB's breach of fiduciary duty has proximately caused all sums and/or damages that may be adjudged against the Agent in favor of Turquoise with respect to letter of credit number 690000361048.

55.     Further, BSB's breach of fiduciary duty has proximately caused the Agent to incur attorney's fees and costs in defending against Turquoise's counterclaims in the Related Case regarding letter of credit number 690000361048.

WHEREFORE, the Agent respectfully demands judgment against BSB for all sums that may be adjudged against the Agent in favor of Turquoise with respect to letter of credit number 690000361048, along with interest, costs, attorney's fees, and such further relief as the Court deems just and proper.

## COUNT III
## NEGLIGENCE

56.     The Agent realleges the allegations contained in paragraphs 1 – 33 as if fully set forth herein.

57.     This is an action for negligence against BSB.

58.     As issuing bank, BSB owed a duty to the beneficiary, the Agent, regarding letter of credit number 690000361048.

59.     BSB's mistaken and misleading correspondence of April 2005 and confusing and misleading letters of credit of December 2006 proximately caused the

10

Agent to return letter of credit number 690000361048 to BSB for cancellation, on the basis that it had been replaced by letter of credit number 690000361156.

60.    BSB was negligent by (a) sending mistaken and misleading correspondence in April 2005, (b) issuing confusing and misleading letters of credit in December 2006, (c) accepting return of the letter of credit without verifying same, and (d) refusing to reissue the letter of credit or otherwise cure its mistakes in 2010.

61.    This negligence proximately caused all sums and/or damages that may be adjudged against the Agent in favor of Turquoise with respect to letter of credit number 690000361048.

62.    Further, BSB's negligence proximately caused the Agent to incur attorney's fees and costs in defending against Turquoise's counterclaims regarding letter of credit number 690000361048.

WHEREFORE, the Agent respectfully demands judgment against BSB for all sums that may be adjudged against the Agent in favor of Turquoise with respect to letter of credit number 690000361048, along with interest, costs, attorney's fees, and such further relief as the Court deems just and proper.

/s/David E. Hudgens
David E. Hudgens (HUDGD8250)
dhudgens@hudgenslaw.com
Attorney for Plaintiff

Hudgens & Associates LLC
Post Office Box 1574
(9877 Pleasant Road)
Daphne, Alabama 36526
Telephone: 251.625.2880
Facsimile: 251.625.2099

11



COPY

April 21, 2005

IRREVOCABLE STANDY LETTER OF CREDIT NUMBER 690000361156
Expiration date:  April 21, 2008
$259,180.00

Wachovia Bank, National Association
Corporate Trust Department
Escrow Holder
225 Water Street
Third Floor – FL0122
Jacksonville, FL  32202

Gentlemen:

   We hereby establish our Standby Letter of Credit Number 690000361156
for Cleveland Properties, LLC in your favor available by your draft(s) at Sight
drawn on BancorpSouth Bank, PO Drawer 789, Tupelo, MS  38802 payable to
the order of Wachovia Bank, National Association, "Escrow Holder", for the
benefit of Turquoise Properties Gulf, Inc., blank endorsed, accompanied by the
following:

   (1)   Cleveland Properties, LLC  has defaulted under the terms and
         conditions of that certain Purchase and Escrow Agreement
         between Turquoise Properties Gulf, Inc. and Cleveland Properties,
         LLC regarding the purchase of unit number C903 in Turquoise
         Place, Phase  , a Condominium in Orange Beach, AL or

   (2)   The Standby Letter of Credit number 690000361048 will expire
         within thirty (30) days from the date of this statement and Cleveland
         Properties LLC has failed to deliver a substitute Standby Letter of
         Credit satisfactory to Beneficiary.

   Any reference to the "Purchase and Escrow Agreement" is for
informational purposes only and not to be construed as an integral part of this
Letter of Credit.

   It is a condition of this Letter of Credit that it shall be deemed automatically
extended without amendment for a one year period from the present or any

P.O. Box 789 • Tupelo, MS 38802-0789 • 662-678-8100

EXHIBIT A

future expiration date hereof, unless at least 120 (one hundred twenty) days prior to any such expiration date, we shall send you by courier letter notice that we have elected not to renew this Letter of Credit for any such additional period.

This Irrevocable Letter of Credit is transferable and assignable. This Irrevocable Letter of Credit upon any such transfer and assignment may successively transferred and assigned. Upon the Beneficiary's presentation and surrender of this Irrevocable Letter of Credit, the Issuing Bank shall forthwith issue a replacement Irrevocable Letter of Credit to the successor Beneficiary with provisions consistent with this Irrevocable Letter of Credit.

All drafts drawn under this Letter of Credit must bear the clause "Drawn under BancorpSouth Bank Letter of Credit number 690000361156, dated April 21, 2005".

This letter of credit will expire at BancorpSouth Bank, PO Drawer 789, Tupelo, MS 38802.

We hereby engage with you that drafts drawn under and in compliance with the terms of the credit will be duly honored upon presentation and delivery of the documents as specified.

This Letter of Credit is subject to the International Standby Practices 1998.

The original of this Letter of Credit and any amendments thereto must be presented with any drawing BancorpSouth Bank.

Sincerely,

Robert H. Aycock
Senior Vice President

RHA:gs

'Q05 WED 15:00 FAX 662 678 8109        BCS COLEY ROAD                    ⌀002



*COPY*

April 21, 2005

## AMENDMENT TO IRREVOCABLE STANDBY
## LETTER OF CREDIT NUMBER 690000361156

Wachovia Bank, National Association
Corporate Trust Department
Escrow Holder
225 Water Street
Third Floor – FL0122
Jacksonville, FL  32202

Gentlemen:

We hereby amend the above referenced Letter of Credit Number 690000360148. This Letter of Credit should be issued to V. M. Cleveland instead of Cleveland Properties LLC. Please make this change throughout the letter.

If you have any questions regarding the above, please feel free to give me a call at (662) 678-1800.

Sincerely,

Robert H. Aycock
Senior Vice President

RHA:gs

P.O. Box 789 • Tupelo, MS 38802-0789 • 662-678-8100



# BancorpSouth Bank
# Irrevocable Standby Letter of Credit

**BancorpSouth Bank**
**Tupelo, Mississippi**

**Effective as of the Issue Date below and at the request of Wachovia Bank, N.A. by that certain Instruction to Transfer Letter of Credit dated November 30, 2006, this Irrevocable Standby Letter of Credit replaces and supersedes in its entirety BancorpSouth Bank's previously issued Irrevocable Standby Letter of Credit number 690000361048 dated April 21, 2005.**

**Issue Date:** December 11, 2006

**Letter of Credit Number:** 690000361048

**Expiration Date:** April 21, 2008

**Beneficiary:** U.S. Bank National Association
Corporate Trust Services
Attn: Terence Rawlins
225 Water Street, 7th Floor
Jacksonville, FL 32202

**Applicant:** Cleveland Properties, LLC
1879 N. Coley Rd.
Tupelo, MS 38801

**Amount (figures):** USD $250,180.00

**Amount (words):** Two Hundred Fifty Thousand One Hundred Eighty and NO/100 US Dollars

Dear Sir or Madam:

We hereby open our Irrevocable Standby Letter of Credit in your favor for the account of the above Applicant, up to the aggregate amount specified above available to you as Beneficiary by your sight draft drawn on us, for the benefit of Turquoise Properties Gulf, Inc., under the terms and conditions stated herein below.

Draft(s) drawn on us must be in the form of Exhibit "A" hereto, must bear on its face the words, "Drawn under BancorpSouth Bank Irrevocable Standby Letter of Credit Number 690000361048 dated December 11, 2006" and must be appropriately completed and signed or endorsed by your representative, and must be accompanied by a statement signed by the Beneficiary reading either:

1. Cleveland Properties, LLC has defaulted under the terms and conditions of that certain Purchase and Escrow Agreement between Turquoise Properties Gulf, Inc. and Cleveland Properties, LLC regarding the purchase of Unit Number C903 in Turquoise Place, Phase II, a Condominium in Orange Beach, AL;
OR

**One Mississippi Plaza. 201 South Spring Street. Tupelo, Mississippi 38804**

EXHIBIT B

2. The Irrevocable Standby Letter of Credit 690000361156 will expire within thirty (30) days from the date of this statement and Cleveland Properties, LLC has failed to deliver a substitute Standby Letter of Credit satisfactory to the Beneficiary.

Any reference to the "Purchase and Escrow Agreement" is for information purposes only and not to be construed as an integral part of this Irrevocable Standby Letter of Credit.

The proceeds of draft(s) drawn hereunder must be credited to amounts owed to you by the Applicant.

We do hereby engage with you that draft(s) drawn hereunder and under the terms and conditions provided herein will be duly honored if drawn on us and presented to us at the following address: Bancorp-South Bank, One Mississippi Plaza, 201 South Spring Street, Tupelo, Mississippi, 38804 Attention: Trade Finance Department, on or before 2:00 P.M. Central Time at said location on or before the Expiration Date (whether the original Expiration Date provided above or any extended or final expiration date as provided herein), at which time this Irrevocable Standby Letter of Credit expires. We will not honor any drafts drawn hereunder after the Expiration Date and time.

The Expiration Date of this Irrevocable Standby Letter of Credit shall automatically be extended for one (1) year from the Expiration Date, and likewise thereafter for one (1) year from any such extended expiration date, unless not less than one hundred twenty (120) days prior to the Expiration Date or any such extended expiration date we shall notify you in writing that we have elected not to extend or further extend the expiration of this Irrevocable Standby Letter of Credit.

Partial drawings are permitted. The original of this Irrevocable Standby Letter of Credit must be surrendered with the final draft that exhausts it.

At the request of Wachovia Bank, N.A. by that certain Instruction to Transfer Letter of Credit dated November 30, 2006, this Irrevocable Standby Letter of Credit replaces and supersedes its in entirety BancorpSouth Bank's previously issued Irrevocable Standby Letter of Credit number 690000361048 dated April 21, 2005 (the "Previous LC") and represents the same undertaking as is represented by the Previous LC. Notwithstanding any provision of this Irrevocable Standby Letter of Credit to the contrary, to the extent the Previous LC has been drawn upon by the Beneficiary on or prior to December 11, 2006; the amount available under this Irrevocable Standby Letter of Credit shall stand automatically reduced accordingly.

This Irrevocable Standby Letter of Credit is transferable one or more times, but in each instance to a single transferee and only in the full amount available to be drawn under this Irrevocable Standby Letter of Credit at the time of such transfer. Any such transfer may be affected only through us upon presentation at the above-specified office of a duly executed instrument of transfer in the format attached as Exhibit "B" hereto together with the original of this Irrevocable Standby Letter of Credit and any amendment thereto. Any transfer of this Irrevocable Standby Letter of Credit may not change the place of expiration of this Irrevocable Standby Letter of Credit from the above-specified office, the expiration date, the amount or any other terms contained herein. Each transfer shall be evidenced by their endorsement on the reverse of the original of this Irrevocable Standby Letter of Credit. Any transfer of this Irrevocable

**One Mississippi Plaza. 201 South Spring Street. Tupelo, Mississippi 38804**

Standby Letter of Credit will not become effective until the transferee is so notified by us. Any fees relating to the transfer of this Irrevocable Standby Letter of Credit are for the Applicant's account.

This Irrevocable Standby Letter of Credit sets forth in full the terms of our undertaking and this undertaking shall not in any way be modified, amended or amplified by reference to any document, instrument, or agreement which may be referred to herein or in which this Irrevocable Standby Letter of Credit is referenced or to which this Irrevocable Standby Letter of Credit relates. No such reference shall be deemed to incorporate herein by reference any document, instrument, or agreement.

This Irrevocable Standby Letter of Credit is governed by the laws of the State of Mississippi without regard to principles of conflicts of laws, but excluding any rule of law that would cause the application of the law of any jurisdiction other than Mississippi, and, insofar as not inconsistent with the laws of Mississippi, shall be subject to the International Standby Practices 1998 (International Chamber of Commerce Publication ISP 98).

BANCORPSOUTH BANK

BY:

David E. Ferrell

ITS:  Sr. Vice President

One Mississippi Plaza. 201 South Spring Street. Tupelo, Mississippi 38804

**EXHIBIT A**

**SIGHT DRAFT**

TO:     BancorpSouth Bank
        One Mississippi Plaza
        201 South Spring Street
        Tupelo, Mississippi 38804
        Attention: Trade Finance Department

_____
(Date)

Drawn under BancorpSouth Bank Irrevocable Standby Letter of Credit Number 690000361048 dated December 11, 2006

DRAFT AMOUNT (in words):

_____ and ___ /100's Dollars

DRAFT AMOUNT (in figures): $_____

REMITTANCE ADDRESS:

_____

_____

AT SIGHT PAY TO THE ORDER OF THE UNDERSIGNED BENEFICIARY, AT THE REMITTANCE ADDRESS SPECIFIED ABOVE, THE DRAFT AMOUNT SPECIFIED ABOVE.

BENEFICIARY:

U.S. Bank National Association

By: _____

Title: _____

**EXHIBIT B**

**REQUEST FOR TRANSFER**

Date: _____

BancorpSouth Bank
Trade Finance Department
One Mississippi Plaza
201 South Spring Street
Tupelo, Mississippi 38804

Subject: Your Letter of Credit No. 690000361048

Ladies and Gentlemen:

For value received, we hereby irrevocably assign and transfer all our rights under the above-captioned Irrevocable Standby Letter of Credit, as heretofore and hereafter amended, extended or increased, to:

_____

**[insert name of transferee]**

_____

_____

**[insert address]**

By this transfer, all of our rights in the Irrevocable Standby Letter of Credit are transferred to the transferee, and the transferee shall have sole rights as beneficiary under the Irrevocable Standby Letter of Credit, including sole rights relating to any amendments, whether increases or extensions or other amendments, and whether now existing or hereafter made. You are hereby irrevocably instructed to advise future amendment(s) of the Irrevocable Standby Letter of Credit to the transferee without our consent or notice to us.

Enclosed are the original Irrevocable Standby Letter of Credit and the original of all amendments to this date. Please notify the transferee of this transfer and of the terms and conditions of the Irrevocable Standby Letter of Credit as transferred. this transfer will not become effective until the transferee is so notified.

Very truly yours,

**[insert name of transferor]**

By: _____
Name: _____
Title: _____

Signature of Transferor Guaranteed
**[insert name of bank]**
By: _____
Name: _____
Title: _____

**One Mississippi Plaza, 201 South Spring Street, Tupelo, Mississippi 38804**



# BancorpSouth Bank
## Irrevocable Standby Letter of Credit

BancorpSouth Bank
Tupelo, Mississippi

**Effective as of the Issue Date below and at the request of Wachovia Bank, N.A. by that certain Instruction to Transfer Letter of Credit dated November 30, 2006, this Irrevocable Standby Letter of Credit replaces and supersedes, in its entirety BancorpSouth Bank's previously issued Irrevocable Standby Letter of Credit number 690000361156 dated April 21, 2005 and amendment dated April 21, 2005.**

Issue Date: December 11, 2006                         Letter of Credit Number: 690000361156

Expiration Date: April 21, 2008

Beneficiary: U.S. Bank National Association          Applicant: V. M. Cleveland
             Corporate Trust Services                          1879 N. Coley Rd.
             Attn: Terence Rawlins                             Tupelo, MS 38801
             225 Water Street, 7th Floor
             Jacksonville, FL 32202

Amount (figures): USD $259,180.00

Amount (words): Two Hundred Fifty-Nine Thousand One Hundred Eighty and NO/100 US Dollars

Dear Sir or Madam:

We hereby open our Irrevocable Standby Letter of Credit in your favor for the account of the above Applicant, up to the aggregate amount specified above available to you as Beneficiary by your sight draft drawn on us, for the benefit of Turquoise Properties Gulf, Inc., under the terms and conditions stated herein below.

Draft(s) drawn on us must be in the form of Exhibit "A" hereto, must bear on its face the words, "Drawn under BancorpSouth Bank Irrevocable Standby Letter of Credit Number 690000361156 dated December 11, 2006," and must be appropriately completed and signed or endorsed by your representative, and must be accompanied by a statement signed by the Beneficiary reading either:

1.   V. M. Cleveland has defaulted under the terms and conditions of that certain Purchase and Escrow Agreement between Turquoise Properties Gulf, Inc. and V. M. Cleveland regarding the purchase of Unit Number C1206 in Turquoise Place, Phase II, a Condominium in Orange Beach, AL;

OR

One Mississippi Plaza, 201 South Spring Street, Tupelo, Mississippi 38804

EXHIBIT C

2.   The Irrevocable Standby Letter of Credit 690000361156 will expire within thirty (30) days from the date of this statement and V. M. Cleveland has failed to deliver a substitute Standby Letter of Credit satisfactory to the Beneficiary.

Any reference to the "Purchase and Escrow Agreement" is for information purposes only and not to be construed as an integral part of this Irrevocable Standby Letter of Credit.

The proceeds of draft(s) drawn hereunder must be credited to amounts owed to you by the Applicant.

We do hereby engage with you that draft(s) drawn hereunder and under the terms and conditions provided herein will be duly honored if drawn on us and presented to us at the following address: Bancorp South Bank, One Mississippi Plaza, 201 South Spring Street, Tupelo, Mississippi 38804 Attention: Trade Finance Department, on or before 2:00 P.M. Central Time at said location on or before the Expiration Date (whether the original Expiration Date provided above or any extended or final expiration date as provided herein), at which time this Irrevocable Standby Letter of Credit expires. We will not honor any drafts drawn hereunder after the Expiration Date and time.

The Expiration Date of this Irrevocable Standby Letter of Credit shall automatically be extended for one (1) year from the Expiration Date, and likewise thereafter for one (1) year from any such extended expiration date, unless not less than one hundred twenty (120) days prior to the Expiration Date or any such extended expiration date we shall notify you in writing that we have elected not to extend or further extend the expiration of this Irrevocable Standby Letter of Credit.

Partial drawings are permitted. The original of this Irrevocable Standby Letter of Credit must be surrendered with the final draft that exhausts it.

At the request of Wachovia Bank, N.A. by that certain Instruction to Transfer Letter of Credit dated November 30, 2006, this Irrevocable Standby Letter of Credit replaces and supersedes in its entirety BancorpSouth Bank's previously issued Irrevocable Standby Letter of Credit number 690000361156 dated April 21, 2005 and amendment dated April 21, 2005 (collectively the "Previous LC") and represents the same undertaking as is represented by the Previous LC. Notwithstanding any provision of this Irrevocable Standby Letter of Credit to the contrary, to the extent the Previous LC has been drawn upon by the Beneficiary on or prior to December 11, 2006, the amount available under this Irrevocable Standby Letter of Credit shall stand automatically reduced accordingly.

This Irrevocable Standby Letter of Credit is transferable one or more times, but in each instance to a single transferee and only in the full amount available to be drawn under this Irrevocable Standby Letter of Credit at the time of such transfer. Any such transfer may be effected only through us upon presentation at the above-specified office of a duly executed instrument of transfer in the format attached as Exhibit "B" hereto together with the original of this Irrevocable Standby Letter of Credit and any amendment thereto. Any transfer of this Irrevocable Standby Letter of Credit may not change the place of expiration of this Irrevocable Standby Letter of Credit from the above-specified office, the expiration date, the amount or any other terms contained herein. Each transfer shall be evidenced by their endorsement on the reverse of the original of this Irrevocable Standby Letter of Credit. Any transfer of this Irrevocable

One Mississippi Plaza, 201 South Spring Street, Tupelo, Mississippi 38804

Standby Letter of Credit will not become effective until the transferee is so notified by us. Any fees relating to the transfer of this Irrevocable Standby Letter of Credit are for the Applicant's account.

This Irrevocable Standby Letter of Credit sets forth in full the terms of our undertaking and this undertaking shall not in any way be modified, amended or amplified by reference to any document, instrument, or agreement which may be referred to herein or in which this Irrevocable Standby Letter of Credit is referenced or to which this Irrevocable Standby Letter of Credit relates. No such reference shall be deemed to incorporate herein by reference any document, instrument, or agreement.

This Irrevocable Standby Letter of Credit is governed by the laws of the State of Mississippi without regard to principles of conflicts of laws, but excluding any rule of law that would cause the application of the law of any jurisdiction other than Mississippi; and, insofar as not inconsistent with the laws of Mississippi, shall be subject to the International Standby Practices 1998 (International Chamber of Commerce Publication ISP 98).

BANCORPSOUTH BANK

BY: _____

David E. Ferrell

ITS: Sr. Vice President

One Mississippi Plaza, 201 South Spring Street, Tupelo, Mississippi 38804

EXHIBIT A

SIGHT DRAFT

TO:      BancorpSouth Bank
One Mississippi Plaza
201 South Spring Street
Tupelo, Mississippi 38804
Attention: Trade Finance Department

_____
(Date)

Drawn under BancorpSouth Bank Irrevocable Standby Letter of Credit Number 690000361156 dated December 11, 2006

DRAFT AMOUNT (in words):

_____ and _____ /100's Dollars

DRAFT AMOUNT (in figures): $_____

REMITTANCE ADDRESS:

_____

_____

AT SIGHT PAY TO THE ORDER OF THE UNDERSIGNED BENEFICIARY, AT THE REMITTANCE ADDRESS SPECIFIED ABOVE, THE DRAFT AMOUNT SPECIFIED ABOVE.

BENEFICIARY:

U.S. Bank National Association

By: _____

Title: _____

**EXHIBIT B**
**REQUEST FOR TRANSFER**

Date: _____

BancorpSouth Bank
Trade Finance Department
One Mississippi Plaza
201 South Spring Street
Tupelo, Mississippi 38804

Subject: Your Letter of Credit No. 690000361156

Ladies and Gentlemen:

For value received, we hereby irrevocably assign and transfer all our rights under the above-captioned Irrevocable Standby Letter of Credit, as heretofore and hereafter amended, extended or increased, to:

_____
**[insert name of transferee]**

_____

_____
**[insert address]**

By this transfer, all of our rights in the Irrevocable Standby Letter of Credit are transferred to the transferee, and the transferee shall have sole rights as beneficiary under the Irrevocable Standby Letter of Credit, including sole rights relating to any amendments, whether increases or extensions or other amendments, and whether now existing or hereafter made. You are hereby irrevocably instructed to advise future amendment(s) of the Irrevocable Standby Letter of Credit to the transferee without our consent or notice to us.

Enclosed are the original Irrevocable Standby Letter of Credit and the original of all amendments to this date. Please notify the transferee of this transfer and of the terms and conditions of the Irrevocable Standby Letter of Credit as transferred. This transfer will not become effective until the transferee is so notified.

Very truly yours,

_____
**[insert name of transferor]**

By: _____
Name: _____
Title: _____

Signature of Transferor Guaranteed.
**[insert name of bank]**
By: _____
Name: _____
Title: _____

**One Mississippi Plaza, 201 South Spring Street, Tupelo, Mississippi 38804**





usbank.com

Corporate Trust Services
225 Water Street, Suite 700
Jacksonville, FL 32202

☐ **ORIGINAL**

May 29, 2009

BancorpSouth Bank
Attn: Trade Finance Department
One Mississippi Plaza
201 South Spring Street
Tupelo, Mississippi 38804

Re: Letter of Credit #690000361048

Ladies and Gentlemen

Enclosed you will find your original Letter of Credit number 690000361048. This Letter of Credit has been replaced with Letter of Credit number 690000361056. We are returning this to you for cancellation. Our mutual client has provided a substitute Letter of Credit or additional cash collateral. Please contact the undersigned if you have any questions regarding this matter.

Regards,

Latasha McKlevey
Account Specialist
Corporate Trust Services

EXHIBIT D



All of **us** serving you™

Trust Legal Services
60 Livingston Avenue---EP-MN-WS4L
Saint Paul, MN 55107

April 29 2010

VIA OVERNIGHT MAIL

BancorpSouth Bank
One Mississippi Plaza
201 South Spring Street
Tupelo, Mississippi 38804

     Re:    Irrevocable Letter of Credit No. 690000361048, issued by BancorpSouth Bank, at the request of Cleveland Properties, L.L.C. to U.S. Bank National Association, as Escrow Agent (the "Letter of Credit")

Ladies and Gentlemen:

    U.S. Bank National Association ("U.S. Bank"), as successor to Wachovia Bank, N.A., is the Escrow Agent pursuant to that certain Escrow Agreement dated as of March 25, 2005, between U.S. Bank and Turquoise Properties Gulf, Inc. (the "Escrow Agreement"). You are the issuer of the above-referenced Letter of Credit which was deposited with us pursuant to the Escrow Agreement.

    The above-referenced Letter of Credit was returned to you on May 29, 2009 by our bank officer because of the impression, created by your incorrect numeration of another Letter of Credit, that it had been replaced by another Letter of Credit. Review of the correspondence by which it was transmitted made the error apparent, but yet you have continued to maintain the position that the Letter of Credit has been surrendered and is no longer in force and effect.

    Your failure to reissue the Letter of Credit as requested is wrongful and violates your fiduciary duty towards us as the holder of the Letter of Credit. Demand is hereby made on you for immediate reissuance of the Letter of Credit. Your failure to do so could result in our proceeding with action to compel the same unless an otherwise acceptable resolution is achieved.

    We encourage you to give this matter your prompt and serious consideration. You may contact me at 651-495-4305 to further discuss this matter.

            Yours very truly,

            U.S. BANK NATIONAL ASSOCIATION, as
            Escrow Agent

            By: Michael A. DeBois
            Its: General Counsel-Corporate Trust Services

EXHIBIT E